IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AFC FRANCHISING, LLC | * | |
| PLAINTIFF, | * | |
| vs. | * | CIVIL ACTION NO. CV-2017-_____ |
| KEITH PELLICANO, Individually, RHONDA PELLICANO, Individually, and EXIGENT CARE, INC., | * * | |
| DEFENDANTS. | * | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW Plaintiff AFC Franchising, LLC (hereinafter referred to as "AFCF"), and hereby files its Complaint for Damages and Injunctive Relief against Defendants Keith Pellicano, Rhonda Pellicano, and Exigent Care, Inc. (hereinafter collectively referred to as "Defendants").

## PRELIMINARY STATEMENT

1. AFCF is the franchisor of the American Family Care system of urgent care centers. The Defendants Keith Pellicano and Rhonda Pellicano ("The Pellicanos") also act as Managing Owners of Defendant Exigent Care, Inc. ("Exigent"), which manages an AFCF franchise in Virginia. On March 30, 2016, AFCF sent a default and termination letter to Defendants regarding a past due royalty amount of $156,790.16. (A true and correct copy of AFCF's March 30,

2016 Default and Termination Letter to Defendants is attached hereto as **Exhibit "1"**). Defendants have not paid any portion of this amount.

2. In addition, on January 27, 2017, AFCF sent another default and termination letter to Defendants because Defendants had failed to rebrand their Doctors Express location to an American Family Care location as required by AFCF's new branding initiative and terms of the Franchise Agreement. (A true and correct copy of AFCF's January 27, 2017 Default and Termination Letter to Defendants is attached hereto as **Exhibit "2"**).

3. AFCF brings this action to collect Defendants' unpaid royalties and protect the goodwill that has become associated with the AFCF service marks in Defendants' market by preventing them from continuing to breach the Franchise Agreement by, among other things, failing to pay royalties and rebrand to an American Family Care location as required by the Franchise Agreement.

4. Defendants continue to operate their AFCF franchise while in breach of material obligations of their Franchise Agreement.

## THE PARTIES

5. AFCF is an Alabama limited liability company with its principal place of business in Birmingham, Alabama. None of the members of AFCF are citizens of Virginia.

6. Defendant Keith Pellicano is a citizen and resident of Virginia.

2

7.    Defendant Rhonda Pellicano is a citizen and resident of Virginia.

8.    Defendant Exigent is a Virginia corporation with its principal place of business in Virginia.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. This is an action between parties of diverse citizenship with an amount in controversy that exceeds $75,000.

10.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to these claims occurred in this District.

11.    In addition, pursuant to §17.7 of their DOCTORS EXPRESS Franchise Agreement, Defendants consented to the exercise of personal jurisdiction "in a state or federal court of competent jurisdiction within such state or judicial district in which [AFCF] have our principal place of business at the time the action is commenced...." Defendants further agreed to "waive any objection ... to either the jurisdiction or venue in those courts." A true and correct copy of the Franchise Agreement is attached hereto as **Exhibit "3"**. As stated above, AFCF is an Alabama limited liability company with its principal place of business in Birmingham, Alabama.

3

## THE AFC/DOCTORS EXPRESS SYSTEM

12. AFCF licenses others to operate urgent care centers under the service mark American Family Care and related marks (the "Marks").

13. In April 2013, AFCF acquired the assets of the DOCTORS EXPRESS system from DRX Urgent Care, LLC ("DRX") and changed the name of the system to AFC/DOCTORS EXPRESS. This sale also included an assignment of the DOCTORS EXPRESS franchise agreements to AFCF. In 2012, DRX had acquired the assets of the DOCTORS EXPRESS system from Doctors Express Franchising, LLC ("DEF"). In connection with this transaction, DRX took assignment of the DOCTORS EXPRESS franchise agreements from DEF.

14. The American Family Care system currently has one hundred and eighty-one (181) units operating.

15. On January 1, 2017, all DOCTORS EXPRESS locations were to have completed rebranding to American Family Care locations and no longer use the DOCTORS EXPRESS marks. The Defendants have refused to complete this rebranding.

## THE FRANCHISE RELATIONSHIP BETWEEN AFCF AND THE DEFENDANTS

16. The Defendants are an AFCF franchisee. The Pellicanos executed the Franchise Agreement on or around November 16, 2009.

4

17. The Franchise Agreement granted the Defendants the right to operate an urgent care facility at a site to be determined in the State of Virginia, using the DOCTORS EXPRESS (now American Family Care) marks, system, and operations manuals.

18. On March 15, 2010, the Pellicanos executed a "Consent to Transfer Agreement" wherein they transferred ownership of the DOCTORS EXPRESS franchise to the business entity Exigent Care, Inc. for the sole purpose of operating the DOCTORS EXPRESS franchise location in Virginia. A true and correct copy of the "Consent to Transfer Agreement" is attached hereto as **Exhibit "4"**. The Pellicanos are the sole owners of Exigent Care, Inc.

19. The Defendants opened their AFCF Center at 20 Norfolk Street Fredericksburg, Virginia 22406, ("the Franchised Location") in early 2010.

20. Exhibit A of the Franchise Agreement provides for an initial term of fifteen (15) years from the date of opening of the center.

21. Section 3.1 and Exhibit A of the Franchise Agreement provides for an ongoing weekly royalty payment of 6% of Gross Sales (as defined in the Franchise Agreement) "in consideration of the license granted to use the Marks and the System . . ."

22. The Franchise Agreement defines "Marks" to mean the trademarks, service marks, and other commercial symbols used for AFCF Urgent Care Centers. (**Exhibit "3"**, p. 1, ¶ C).

23. The Franchise Agreement defines "System" as "the urgent care management system ... relating to the management of urgent care centers that provide, through independent physicians and professionally licensed persons or entities, various levels of patient care services ...." (**Exhibit "3"**, p.1 ¶ A).

24. Pursuant to §4.3 of the Franchise Agreement, the Defendants have been provided with general guidance from time to time with respect to "(1) standards, specifications, and operating procedures regarding management of a Doctors Express Urgent Care Center; (2) advertising and marketing materials and programs; (3) employee training and recruiting programs; and (4) administrative, bookkeeping and accounting procedures."

25. §5.4 of the Franchise Agreement states:

    5.4   Discontinuance of Use of Marks

    If it becomes advisable at any time for us and/or you to modify or discontinue using any Mark and/or to use one or more additional or substitute trade or service marks, you agree to comply with our directions within a reasonable time after receiving notice. We need not reimburse you for your direct expenses of changing the Franchised Business's signs, for any loss of revenue due to any modified or discontinued Mark, or for your expenses of promoting a modified or substitute trademark or service mark.

6

> Our rights in this Section 5.4 apply to any and all of the Marks (and any portion of any Mark) that we authorize you to use in this Agreement. We may exercise these rights at any time and for any reason, business or otherwise that we think best. You acknowledge both our right to take this action and your obligation to comply with our directions.

**Exhibit "3", Franchise Agreement §5.4.**

26. §14.3(d) of the Franchise Agreement states that the Agreement can be terminated if the franchisee misuses AFCF's trademarks.

27. In addition, §15.1 provides:

> You agree to pay us within fifteen (15) days after this Agreement expires or is terminated, or on any later date that we determine the amounts due to us, Royalties, Marketing Fund contributions, interest, and all other amounts owed to us (and our affiliates) which then are unpaid.

**Exhibit "3", Franchise Agreement § 15.1.**

28. Exhibit E of the Franchise Agreement is a personal guarantee from the Pellicanos individually to be personally liable for both monetary obligations and obligations to refrain from doing certain things outlined in the Franchise Agreement.

## COUNT ONE

### (Breach of Agreement to Pay Royalties)

29. AFCF realleges, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further alleges that:

30. Defendants' breach of their agreement to pay royalties to AFCF is a material breach of the Franchise Agreement.

31. To date, Defendants' breach of their agreement to pay royalties to AFCF has damaged AFCF in the amount of $156,790.16 plus interest.

32. AFCF is entitled under §17.3 of the Franchise Agreement to recover its costs and attorney's fees to enforce the terms of the Franchise Agreement.

## COUNT TWO

### (Breach of Agreement to Use Only Approved Marks)

33. AFCF realleges, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further alleges that:

34. Defendant's breach of their agreement to only use marks that are approved by AFCF is a material breach of the Franchise Agreement.

35. Defendant's breach of this agreement has and will continue to cause damage to AFCF.

## PRAYER FOR RELIEF

WHEREFORE, AFCF respectfully requests entry of judgment in its favor awarding the following relief:

1. Preliminarily and permanently enjoining Defendants, and all those acting in concert or privity with them, including any of their owners, shareholders, members, partners, officers, directors, employees, representatives, agents,

affiliates, parent and subsidiary business entities, attorneys, successors and assigns, from (a) continuing to operate their franchise at the Franchised Location; (b) disclosing or using Confidential Information obtained as an AFCF franchise in connection with an urgent care center business other than an American Family Care center; or (c) doing anything to cause harm to the AFCF System or Marks.

2. In accordance with §15 of the Franchise Agreement, Order Defendants to deliver to AFCF within thirty (30) days all signage, marketing materials, forms, and other materials containing any Mark or otherwise identifying or relating to an AFCF franchise.

3. Award AFCF damages in an amount to be proven at trial, but which are in excess of $75,000.

4. Award AFCF its costs in prosecuting these claims, including its reasonable attorneys' fees incurred in accordance with the terms of the Franchise Agreement.

5. Such other and further relief as the Court may deem appropriate.

Respectfully submitted,

/s/ Michael J. Douglas
Michael J. Douglas ASB-2888-C52D
LEAK, DOUGLAS & MORANO, P.C.
The John A. Hand Building
17 20th Street North, Suite 200

Birmingham, AL 35203
Phone: 205.977.7099
Fax: 205.977.7167
Email: mdouglas@leakdouglas.com

*Attorney for Plaintiff*

**SERVE THE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

Keith Pellicano
20 Norfolk Street
Fredericksburg, VA  22406

Rhonda Pellicano
20 Norfolk Street
Fredericksburg, VA  22406

Exigent Care, Inc.
c/o Its Registered Agent
Eric C. Perkins
4870 Sadler Road, Suite 300
Glen Allen, VA  23060

Courtesy Copy:

Peter J. Barrett, Esq.
Kutak Rock, LLP
Bank of America Center
1111 East Main Street, Suite 800
Richmond, VA  23219-3500
peter.barrett@kutakrock.com

Carmen D. Caruso, Esq.
Carmen D. Caruso Law Firm
77 W. Washington Street, Suite 1900
Chicago, IL 60602
cdc@cdcaruso.com