UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **AFC FRANCHISING LLC,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:17-cv-00793-RDP |
| } | |
| **RHONDA PELLICANO, et al.,** } | |
| } | |
| **Defendants.** } | |

**MEMORANDUM OPINION**

This matter is before the court on the Motion for Default Judgment, filed by Plaintiff AFC Franchising, LLC ("Plaintiff" or "AFCF") on April 23, 2018 against Defendants Rhonda Pellicano ("Pellicano") and Exigent Care, Inc. ("Exigent Care" and collectively "Defendants"). (Doc. # 34). After the Clerk's Entry of Default against Defendants on October 24, 2017 (Doc. # 26), Plaintiff now seeks a Rule 55(b) default judgment for the monetary relief sought in the Complaint (Doc. # 1) and an award totaling $193,226.33. (Doc. # 34). For the reasons outlined below, the current Motion (Doc. # 34) is due to be granted.

**I. Background**[1]

AFCF is the franchisor of the American Family Care system of urgent care centers. (Doc. # 1 at ¶ 1). Exigent Care manages an AFCF franchise in Virginia. (*Id.*). In April 2013, AFCF acquired the assets of the Doctors Express system from DRX Urgent Care, LLC. (*Id.* at ¶ 13). The sale included an assignment of the Doctors Express franchise agreements to AFCF. (*Id.*).

---

[1] A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)).

On November 16, 2009, Pellicano, who is a managing owner of Exigent Care,[2] executed a Franchise Agreement, which granted Defendants the right to operate an urgent care facility in Virginia. (Docs. # 1 at ¶¶ 1, 16-17; 1-3). The Franchise Agreement provides for an initial term of fifteen years from the date of opening the franchise. (Doc. # 1-3 at p. 51). As a part of the Franchise Agreement, Pellicano entered into a Personal Guarantee to "punctually pay and perform each and every undertaking, agreement, and covenant set forth in the Agreement . . . and [be] personally liable for the breach of[] each and every provision in the Agreement . . . ." (*Id.* at p. 59). In the Franchise Agreement, Pellicano also attested to 50% ownership in the franchisee.[3] (*Id.* at p. 56, 60). Section 3.1 and Exhibit A of the Franchise Agreement provides for an ongoing weekly royalty payment of 6% of gross sales. (*Id.* at p. 13, 51). Section 3.4 of the Franchise Agreement provides for a monthly interest rate of 1.5% for unpaid royalties. (*Id.* at p. 13). Section 17.3 of the Franchise Agreement allows for AFCF to recover its costs and attorney's fees to enforce the terms of the Franchise Agreement. (*Id.* at p. 45).

Defendants opened their AFCF Center at 20 Norfolk Street, Fredericksburg, Virginia, in early 2010. (Doc. # 1 at ¶ 19). On March 15, 2010, Pellicano executed a Consent to Transfer Agreement for the sole purpose of operating the Doctors Express franchise location in Virginia. (Doc. # 1-4). On March 30, 2016, AFCF sent a default and termination letter to Defendants regarding a past due royalty amount of $156,790.16. (Doc. # 1-1). Defendants have not paid any portion of this amount. (Doc. # 1 at ¶ 1). On January 27, 2017, AFCF sent another default and termination letter to Defendants because they had failed to rebrand as required under the terms of their Franchise Agreement. (Doc. # 1-2). Defendants continue to operate their AFCF

---

[2] Keith Pellicano also executed the Franchise Agreement and is also a managing owner of Exigent Care. (Doc. # 1 at ¶¶ 1, 16). On November 29, 2017, he was dismissed without prejudice from this action due to lack of service. (Doc. # 31).

[3] Keith Pellicano owns the remaining 50% in the franchisee. (Doc. # 1-3 at p. 56, 60).

franchise despite being in breach of material obligations of their Franchise Agreement and have refused to complete the required rebranding. (Doc. # 1 at ¶¶ 4, 15).

AFCF filed its Complaint on May 15, 2017. (Doc. # 1). On August 17, 2017, Pellicano was served. (Doc. # 20). On August 18, 2018, Exigent Care was served. (Doc. # 19). After the two failed to answer or defend, AFCF moved for an Entry of Default against Pellicano and Exigent Care on October 24, 2017. (Doc. # 25). On the same day, the Clerk of Court made an Entry of Default against Defendants. (Doc. # 26).

**II. Analysis**

Rule 55(b) states in relevant part:

(b) **Entering a Default Judgment**.

(1) *By the Clerk*. If the plaintiff's claim is for a sum certain or for a sum which can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor or incompetent person.

(2) *By the Court*. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Fed. R. Civ. P. 55(b)(1), (2). If the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant because of the defendant's failure to appear or defend. *Id.* at Rule 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *Id.* at Rule 54(c). Although this court permits the Clerk of Court to *enter* default when appropriate pursuant to Rule 55(a),[4] it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default *judgment* for the discretion of the particular judge to which the case is assigned, even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment because the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain. Thus, Plaintiff's Motion for Default Judgment (Doc. # 34) in this case is properly before the undersigned.

The court finds the requirements of Rule 55(b)(2) are satisfied in this case. Defendants were duly served with Summons and Complaint on August 17, 2017 and August 18, 2017. (Docs. # 19, 20). Defendants failed to timely plead, answer, or otherwise defend as to the Complaint as required. (*Id.*). Default was entered by the Clerk of the Court on October 24, 2017. (Doc. # 24).

The case law is clear that a judgment by default may only be entered without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *United States Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (citations omitted). Damages may be awarded if the record adequately reflects the basis for such an award through "a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (citations omitted).

---

[4] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).

Along with its current Motion, Plaintiff has provided the court with an affidavit and supporting documentation that establish the necessary facts regarding the amount due and owing under the Franchise Agreement. (Docs. # 1-3; 34-3). Therefore, Plaintiff is entitled to an award of $156,790.16 in unpaid royalties and $3,527.78 in unpaid interest, creating a total amount owed of $160,317.94. (Doc. # 34-3).

Plaintiff also seeks an award of attorney's fees and costs, as provided in the Franchise Agreement. (Docs. # 1-3 at p. 45; 34). Alabama law allows a party to recover attorney's fees as damages if such fees are provided for by statute, contract, or special equity. *Jones v. Regions Bank*, 25 So. 3d 427, 441 (Ala. 2009). Alabama courts apply twelve criteria when analyzing the reasonableness of an attorney's fee:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

*Van Schaack v. AmSouth Bank, N.A.*, 530 So. 2d 740, 749 (Ala. 1988).

To confirm the reasonableness of its request for attorney's fees and costs in this case, Plaintiff has provided the court with an affidavit and supporting documentation indicating the hours worked by Plaintiff's attorney and paralegal. (Docs. # 34-4, 34-5, 34-6). After considering Plaintiff's counsel's efforts to settle this case and the filings involved in this case, the court finds that the time expended to enforce the Franchise Agreement and the time spent on this case -- 120.6 hours of attorney time and 17.2 hours of paralegal time -- is reasonable. (Docs. # 33; 34 at p. 8; 34-5 at p. 6-7). Based on the expertise required in this case, the amount of

5

royalties being collected, the rates customarily charged, and the time expended in this case, the court finds that the attorney's fees and costs requested in this case are reasonable. Therefore, the court grants Plaintiff's request for reasonable attorney's fees and costs against Defendants in the amount of $32,908.39. (Doc. # 34-5 at p. 2).

**III. Conclusion**

For the reasons explained above, Plaintiff's Motion for Default Judgment (Doc. # 34) is due to be granted. The court will award Plaintiff $193,226.33, along with post-judgment interest. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this May 22, 2018.

							_____
							**R. DAVID PROCTOR**
							UNITED STATES DISTRICT JUDGE